```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION

SHERRY MEYER, and SCOTT MEYER,

                       Plaintiffs,
v.
                                   Case No.  3:08-cv-311-J-33JRK

CIGNA BEHAVIORAL HEALTH, INC.,

                       Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Dismiss Complaint, and to Strike Demand for Jury Trial (Doc. # 6), which was filed on March 27, 2008, as well as Plaintiffs' Response (Doc. # 11), which was filed on May 12, 2008.

Plaintiffs' complaint was filed on January 10, 2008, in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida under case number 16-2008-CA-000359. (Doc. # 2). Plaintiffs' complaint alleges that Plaintiffs "had in full force and effect, a policy of health insurance coverage that included coverage for behavioral health/psychological health insurance issued by CIGNA BEHAVIORAL HEALTH, INC." (Doc. # 2 at ¶ 4). Plaintiffs assert that an individual covered under the aforementioned policy was referred to a residential treatment facility, that Plaintiffs furnished the Defendant with a claim for benefits, and that Defendant "wrongfully refused and continues to refuse to pay Plaintiff's covered losses." (Doc. # 2 at ¶¶ 4-7).

Thus, Plaintiffs appear to assert a common law claim for breach of contract.  Plaintiffs have demanded a jury trial. (Doc. # 2 at 3).

Defendant removed Plaintiffs' complaint to this Court pursuant to 28 U.S.C. § 1446, on March 27, 2008. (Doc. # 1).  On the same date, Defendant filed its motion to dismiss Plaintiffs' complaint (Doc. # 6).  Defendant essentially asserts in the motion to dismiss that Plaintiffs' common law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. (ERISA), and that Plaintiffs are not entitled to a jury trial.  Plaintiffs do not oppose Defendant's motion to dismiss.  Rather, as stated in the response, Plaintiffs "consent to defendant's motion, but respectfully request that said motion be granted without prejudice so as to permit amendment." (Doc. # 11).

As the motion to dismiss is not opposed, this Court finds it appropriate to dismiss Plaintiffs' complaint without prejudice.  Should Plaintiffs desire to amend their original complaint, Plaintiffs shall file such amended complaint within ten (10) days of the date of this Order.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant's Motion to Dismiss Complaint, and to Strike Demand for Jury Trial (Doc. # 6) is **GRANTED** to the extent that Plaintiffs' complaint (Doc. # 2) is dismissed without prejudice.

(2)  Should Plaintiffs desire to amend their original complaint, Plaintiffs shall file such amended complaint within ten (10) days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Jacksonville, Florida, this 29th day of May, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel and Parties of Record